BREAUX, C. J.
Plaintiff declared on a promissory note of $5,316, with 5 per cent, per annum interest from April 21, 1906, and 10 per cent, attorney’s fee in case of suit, payable two years after date.
It was originally executed by the maker, and was indorsed by a firm of which he was a member in favor of John R. Fell, plaintiff’s father, and by inheritance it became plaintiff’s.
Plaintiff instituted suit on this note on the 22d day of May, 1908.
Defendant principal on the note in due time answered, and pleaded substantially that the consideration of the note was life insurance as per policy issued to the maker of the note. He avers, in substance, that the amount of insurance was' large; that he finally consented to take out the policy on the promise of plaintiff’s father (who was an insurance agent) that, if not prepared to meet the note at maturity, he would grant further time, and would in this manner render it possible for defendant, maker of the note, to easily meet the note; that this promise of the father, since deceased, is binding on the plaintiff.
On the 22d day of June, 1908, defendant applied for and obtained a commission to take the testimony of the maker of the note, —i. e., note sued upon — who was in the city of ,New York, returnable nn or before 10 o’clock on the 1st day of July, 1908, the day set for the trial.
On this day the case was called for trial, and defendant asked for a continuance because the commission had not yet been returned. It was granted by the court to the 8th day of July, 1908.
On the 7th day of July, 1908, the witness answered the interrogatories in New York. The return was received in New Iberia on the 11th of that month,, two days after the judgment had been rendered.
But before the commission was returned by the notary in New York, the court, on the day fixed for the trial (that is, on July 8, 1908), called the case for trial. 'Plaintiff introduced her testimony. The defendants made no offer of testimony. Judgment was rendered for plaintiff as prayed for.
The return was received as just stated. Basing their application upon the fact that the return had been made of the commission as stated, defendants moved for a new trial, which was overruled by the court.
The defendants, through counsel, on the 10th of the month before stated, had a bill of exceptions signed in which the facts are detailed. From it we quote: “That they answered in due time;” that “they were ready for trial, provided plaintiff would admit that the defendant now absent would testify to the facts stated in the motion made for a continuance;” “that this was declined by plaintiff, who insisted upon the trial of the case.”
The court overruled the motion for a continuance and ruled defendants to trial, stating that the return day for this testimony had been fixed for July 1, 1008, and that a continuance was granted to July 8, 1908, and that counsel for defendants stated that he *367 would be ready, “whether the commission was returned or not.”
The counsel for defendants said by way of admission that:
“The interrogatories were propounded to defendant himself, and to no other witness. The commission, therefore, was gotten out and forwarded by the attorney for defendant 1G days ago, and addressed to Edward E. Clinton, notary in and for the city of New York, or to any other notary, there returnable on July 1, 1908, and extended on that day to July 8, 1908, but ■not returned.”
This commission and interrogatories were not forwarded to a notary, or to any other officer, but sent directly to defendant himself, who was in New York City.
The defendant whose testimony was taken under commission is a resident of the parish of Iberia, and not of New York.
There was no reason shown for the delay in returning the commission. There was ample time for its return, and, having been sent direct to the defendant, there was no legal reason for the delay.
The appeal taken by defendants from the judgment rendered was filed in the clerk’s office of this court September 7, 1908.
The case was fixed for hearing before this court on appeal on the 1st of February, 1909, and even prior to that date.
In this court the appellee filed an answer to the appeal on the 12th day of February, 1909, and in the answer alleged here that she was entitled'to damages for a frivolous appeal, and asked for damages on that ground Of 5 per cent, on'the amount of her note and interest thereon.
The first question presented for decision is Whether the witness in his own behalf may be examined, as such, under commission. We answer in the affirmative, and cite in support of the answer McLear & Kendall v. Hunsicker, 30 La. Ann. 1225.
Now as to the commission:
■ Doubtless a reasonable time should be allowed for the return of a commission sent to take evidence at a distance.
In our opinion reasonable time was allowed. The court seems to have taken into consideration the distance and the delays necessary for its return.
A continuous session of the court, referred to in the brief for defendants during 10 months of the year, does not do away with the necessity of exerting due diligence to return the commission in time for the trial. Causes should be tried as nearly as possible in the order of their fixing. Unquestionably they should be postponed for good reason to another day, and even continued to another term if necessary, but not without good reason.
But of this necessity the trial judge is considered the proper judge. His refusal to postpone or continue the case presents scant grounds for complaint on appeal. Moreover, we have already stated that, in our opinion, the time allowed by the court was sufficient.
The rule is: Postponement or continuance is within the discretion of the trial court, reviewable only in case of abuse.
The usual words, in applications for a continuance, “due diligence,” were not inserted in defendants’ motion for a continuance. It is essential as" an allegation; also as a fact.
Seventeen days within which to return the commission has every appearance of having been ample time. Besides, on reading the record, which brings up the facts, we have become conviuced that the judge has not abused his discretion.
Five per cent, for a frivolous appeal:
The answer of plaintiff to the appeal, and her allegation for damages on the ground that the appeal was frivolous were not filed in time but were filed a number of days after the transcript had been filed and a number of days after the case had been fixed for argument on appeal. Under the rules of practice, damages cannot be allowed.
Moreover, the error in taking the appeal *369 is not of such a character as would justify assessing damages on the ground of its being frivolous.
For reasons assigned, the judgment appealed from is affirmed.
PROVOSTY, J., takes no part, not having heard the argument.